**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Case No.     17-CV-02521 (DWF / BRT)

**Anthony Self**
*Plaintiff*

vs.

**Credit Acceptance Corp.**
*Defendant*

# AMENDED COMPLAINT

PLAINTIFF, as and for his causes of action against the above-named defendant, states and alleges as follows:

### INTRODUCTION

1.   The following case alleges prolonged harassment by Defendant, Credit Acceptance Corp. (hereinafter "Credit Acceptance").  On an ongoing basis Defendant used an automatic telephone dialing system (hereinafter ATDS) to repeatedly call and harass Mr. Self on his personal cell phone for a debt owed by another. Despite Mr. Self repeatedly informing Defendant that he was the wrong party and despite Mr. Self repeatedly requesting that Defendant cease its calling, the calls in question continued. During several of the calls, Defendant's representatives illegally harassed Mr. Self to the point that he developed anxiety when dealing with or even thinking about financial matters. Plaintiff brings this action in order to put a stop to Defendant's illicit conduct.

2

**STATEMENT OF JURISDICTION AND VENUE**

2.     This court has jurisdiction over the subject matter of this action pursuant to federal questions arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(3). This court has supplemental jurisdiction over Plaintiff's state law claims as these claims arise from the same case and controversy.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(1) and (2) because the cause of action arose within the State of Minnesota and Defendant regularly conducts business in the same.

**PARTIES**

4.     Plaintiff Anthony Self is an adult resident of Minnesota.

5.     Defendant Credit Acceptance Corp. is a foreign company registered to conduct business in the state of Minnesota.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Sherburne.

**FACTS**

7.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

8.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.     Plaintiff's current telephone number, (xxx) xxx-2173, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

3

10.     Sometime in 2014, Plaintiff began receiving collection calls regarding a delinquent auto loan for a Ms. Jenifer Kolstad.

11.     On the initial call during which Mr. Self was able to reach a representative, Mr. Self informed Defendant that they were calling the wrong telephone number.

12.     The calls did not cease.

13.     On some subsequent calls Defendant asked for Mr. Self on some and Ms. Kolstad on others.

14.     Mr. Self informed Defendant that he was not the obligor on the loan in question and that he believed that he had no business with Defendant.

15.     Defendant replied that it was indeed calling the correct telephone number and that Defendant could discuss the issue with Mr. Self or Ms. Kolstad.

16.     Mr. Self stated that he knew nothing of the issue and that he wished for the calls to stop.

17.     The calls from Defendant did not cease.

18.     On some days Plaintiff received in excess of five calls per days from Defendant.

19.     On numerous occasions Defendant's representatives initiated the conversation by demanding personal information from Plaintiff while refusing any information about who they were or why they were calling.

20.     The representatives instead repeated that they were calling regarding an urgent matter.

21.     The urgency with which the representative spoke led Plaintiff to believe a true emergency existed.

22.     On numerous occasions Plaintiff again asked for the calls to stop.

23.     Plaintiff was told that "Minnesota is not a verbal cease state and the calls would continue."

24. In fact, on several occasions when Plaintiff asked for the calls to stop, Defendant would call Plaintiff again immediately after the call was terminated.

25. The calls in question appeared to originate from at least five separate lines and, in some cases, appeared as blocked or unknown calls.

26. The numbers 517-861-2084, 734-521-2063, and 586-461-4322 all appeared on Plaintiff's caller ID during calls with Defendant.

27. Upon information and belief, Plaintiff alleges that Defendant utilizes an ATDS to collect alleged debts from consumers.

28. On several occasions Defendant's ATDS system would dial Plaintiff; when Plaintiff answered these phone calls, a representative was entirely unavailable, resulting in a period of dead air (hereinafter "dead air calls").

29. On other occasions when Plaintiff answered these calls, a pre-recorded message came on the line.

30. Plaintiff is informed and believes, and thereon alleges, that said phone calls were made to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

31. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

32. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

33.     Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 subd. 2.

34.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

35.     Defendant placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

36.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## SPECIFIC CLAIMS

First Claim for Relief

*Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.*

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## Second Claim for Relief

*Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.*

41.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.     As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Third Claim for Relief

*Violation of the Minnesota Automatic Dialing-Announcing Devices Act*

*Minn. Stat. §325E.26-31*

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

7

46.     Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private cause of action under Minn. Stat. §8.31, and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

### Fourth Claim for Relief

*Intentional Infliction of Emotional Distress*

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     Defendant willfully disregarded the rights of Plaintiff, namely Plaintiff's right to be free from harassing computer-dialed phone calls.

49.     Defendant knowingly called Plaintiff, using a prerecord message at inconvenient hours without providing any means for Plaintiff to opt out of the calls in question.

50.     Defendant thereby acted in an extreme and outrageous manner.

51.     Plaintiff suffered severe distress from Defendant's statements.

52.     Plaintiff suffered from headaches, shortness of breath, frustration, fear, anxiety and depression as a direct result of Defendant's intentional behavior and/ or statements.

### Fifth Claim for Relief

Negligence

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants have a duty to act in a reasonable and prudent manner with regard to the collection of the account in question.

55. Defendants breached their duty by repeatedly wrongly calling Plaintiff and by failing to log on the account or his phone number Plaintiff's cease and desist request.

56. Defendants hurt Plaintiff by repeatedly calling him in an unreasonable manner causing him fear, frustration, and anxiety.

57. Defendants further breached their duty by failing to maintain reasonable records and processes to assure accuracy and reduce mistakes.

58. Defendants further breached their duty in failing to investigate Plaintiff's statements that he was not an obligor on the account.

59. Plaintiff was harmed by Defendant's abusive calls.

60. Plaintiff was harmed as a direct cause of Defendant's breach of its duty.

Seventh Claim for Relief

Illegal Solicitation of Money

*Minn. Stat. 325F.69 Subd. 4*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. By repeatedly soliciting payment from Plaintiff, including billing Plaintiff despite actual knowledge that Plaintiff was not actually liable for the charges in question, Defendant solicited payment from Plaintiff in violation of Minn. Stat. 325F.69 Subd. 4.

63. Plaintiff is entitled to bring this cause of action under Minn. Stat. § 8.31, subd. 1 and 3(a), which provide that a private party, "injured by violation of [§ 325F .69] … may bring a civil action and recover damages, together with the costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court."

64. Plaintiff's cause of action benefits the public as required by *Ly v. Nystrom, 615 N.W.2d 302, 313-14 (Minn. 2000)* in that it is in the public interest that Defendant is believed to make hundreds of calls to Minnesota consumers on a daily basis.

65. The benefit to the public of Plaintiff's suit is enhanced by Defendant's known history of previous enforcement actions against Defendant.

66. Plaintiff seeks an injunction prohibiting Defendant from calling Minnesota consumers and demanding payment without first reviewing and certifying the individual called is liable for the debt in question.

Eighth Claim for Relief

Common Law Invasion of Privacy by Intrusion Upon Seclusion

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing calls placed by Defendant constitute an intentional intrusion upon the seclusion of Plaintiff.

69. Plaintiff had a reasonable expectation of privacy in that he reasonably did not expect to be repeatedly called on his cellular telephone line for a debt he did not owe.

70. Plaintiff had a reasonable expectation of privacy and expectation that persons calling his cellular phone line are not intending to harass him.

71. The sheer volume of calls after Plaintiff expressly requested calls to stop was highly offensive to Plaintiff and would be similarly offensive to any reasonable Minnesota consumer.

72. As a result of Defendants' invasion upon the seclusion of Plaintiff, Plaintiff is entitled to damages including such fair compensation as a court or jury may deem appropriate.

## Jury Demand

73. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    e. punitive damages;

    f. injunctive relief prohibiting such conduct in the future;

    g. reasonable attorney's fees, litigation expenses, and cost of suit; and

    h. any other relief deemed appropriate by this Honorable Court.

Dated: August 1, 2017		Respectfully Submitted,

		MADGETT LAW, LLC

		<u>s/ David J.S. Madgett</u>
		David J.S. Madgett (#0390494)
		619 South Tenth Street, Suite 301
		Minneapolis, MN 55404
		(612) 470-6529
		dmadgett@madgettlaw.com

		ATTORNEY FOR PLAINTIFF